**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ROXANNE LAFOUNTAIN,                     :          14cv1598 (WWE)
    Plaintiff,                            :
                                          :
v.                                      :
                                          :
SMITH & NEPHEW, INC. and ST. VINCENT'S:
MEDICAL CENTER,                         :
    Defendants.                           :

## RULING ON PLAINTIFFS' MOTION FOR REMAND

This case stems from two failed hip replacement surgeries that involved implant

parts designed, constructed, manufactured and sold by Smith & Nephew, Inc.  Plaintiff

Roxanne LaFountain underwent the two surgeries at St. Vincent's Medical Center in

Bridgeport, Connecticut on August 25 and November 10, 2009, respectively.

She now alleges that defendant Smith & Nephew is liable to her under the

Connecticut Product Liability Act ("CPLA"), and that defendant St. Vincent's Medical

Center is liable to her for corporate negligence and for violation of the Connecticut

Unfair Trade Practices Act ("CUTPA").  Defendant removed this case on the basis of

diversity jurisdiction and federal question jurisdiction.  Plaintiff filed a motion to remand.

For the following reasons, the motion to remand will be denied.

## DISCUSSION

Removal jurisdiction must be strictly construed and enforced in favor of state

court jurisdiction because the federal courts are courts of limited jurisdiction, and

because removal of a case implicates significant federalism concerns.  Villano v. Kohl's

Dept. Stores, Inc., 362 F. Supp. 2d 418, 419 (S.D.N.Y. 2005).  The removing party

1

bears the burden of establishing the propriety of the removal.  Miller v. First Security

Investments, Inc., 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998).  Unless the balance is

strongly in favor of defendant, plaintiff's choice of forum should rarely be disturbed.

Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).  Removal jurisdiction is evaluated

according to the pleadings existing at the time the petition for removal was filed.

Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57-58 (2d Cir. 2006).

Defendant Smith & Nephew's removal on the basis of diversity jurisdiction

presumes that plaintiff fraudulently joined defendant St. Vincent's Medical Center to this

action in order to defeat diversity.  A plaintiff may not defeat diversity jurisdiction by

joining a non-diverse defendant with "no real connection with the controversy."

Pampilonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-1 (2d Cir. 1998).  To show that a

non-diverse defendant is a "fraudulent joiner" to defeat diversity, defendant must

demonstrate by clear and convincing evidence that a fraud has been committed in

plaintiff's pleadings or that there is no possibility, based on the pleadings, that a cause

of action can be made against that defendant in state court.  Id. at 461.  All

uncertainties in applicable state law are resolved in favor of plaintiff, and the complaint

is subjected to a "less searching" scrutiny than a motion to dismiss for failure to state a

claim.  Campisis v. Swissport Cargo Servs., L.P. , 2010 WL 375878, at *2 (E.D.N.Y.

Jan. 26, 2010).  Although a statute of limitations defense does not attack the merits of

claim, such defense may be raised to challenge a fraudulent joinder.  City of Syracuse

v. Loomis Armored US, LLC, 2011 WL 6318370, *6 (N.D.N.Y. 2011) (citing cases).

Defendant argues that plaintiff's claims against the non-diverse defendant St.

Vincent's are not cognizable because (1) Connecticut does not recognize a cause of

action against a hospital for negligent failure to warn or advise a patient of alleged medical device defects or recalls;[1] (2) plaintiff's CUTPA claim is actually a claim for medical negligence; and (3) plaintiff has failed to comply with Connecticut General Statutes § 52-190a, which requires that a medical negligence claim be accompanied by an attesting opinion letter.   This Court need only determine whether plaintiff can assert a possible claim against St. Vincent's Medical Center.

Negligence

In a recent decision, Kenneson v. Johnson & Johnson, this Court considered similar arguments relevant to the alleged misjoinder of a non-diverse hospital involving a CPLA claim against manufacturer and distributor of a surgical mesh implanted during a hernia repair.  2015 WL 1867768 (D. Conn. April 23, 2015).  This Court rejected such arguments because (1) plaintiff had alleged a possible claim for negligent credentialing based on a hospital's granting privileges to doctors who had a history of using potentially dangerous medical implants; and (2) non-compliance with Section 52-190a, which would not compel dismissal with prejudice, does not support a finding of fraudulent joinder.  Id. at *4-6.

At paragraph 43(d) of the complaint, plaintiff alleges that St. Vincent's Medical Center "improperly permitted some of its attending physicians, affiliated doctors and/or privileged healthcare practitioners who were using implantable medical devices and/or products that were potentially dangerous, defective, recalled and/or accompanied by post-manufacturing FDA warnings to maintain their hospital privileges."  Thus, plaintiff

---

[1]Sherwood v. Danbury Hospital, 278 Conn. 163, 182 n.17 (2006).

does have at least one possible claim of negligent credentialing cognizable under Connecticut law against defendant St. Vincent's Medical Center.  See Neff v. Johnson Mem'l Hospital, 889 A.2d 921, 923 (Conn. App. 2006) (discussing negligent credentialing).   However, as defendant Smith & Nephew argues, the statute of limitations relevant to medical negligence, Connecticut General Statutes § 52-584, bars actions brought after "two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action should may be brought more than three years from the date of the act or omission complained of . . . ."  The Connecticut Supreme Court has construed the word "injury" as "legal injury" or "actionable harm" within the context of Section 52-584; Catz v. Rubenstein, 201 Conn. 39, 44 (1986); and it has clarified that the limitation period in Section 52-584 does "not begin to run until a plaintiff has knowledge or in exercise of reasonable care should have had knowledge of sufficient facts to bring a cause of action against a defendant, which, in turn, requires that a plaintiff is or should have been aware that he or she has an injury *that was caused by the negligence of the defendant*."  Lagassey v. State, 268 Conn. 723, 743 (2004).

Nevertheless, plaintiff cannot state a possible claim against St. Vincent's because her last surgery at St. Vincent's occurred on November 10, 2009, and the three-year statute of repose contained within Section 52-584 bars the bringing of suit more than three years after the occurrence of defendant's alleged negligence regardless of when a plaintiff discovers the actionable or legal injury.  Catz, 201 Conn. at 49. The statute of repose may be tolled by a continuing course of conduct which requires that a breach of duty remained in existence after commission of the original

wrong; such duty continues to exist where there is either a special relationship between the parties or some later wrongful conduct of defendant related to the prior act. Sherwood, 252 Conn. at 203.  Plaintiff's complaint does not appear to allege a continuing course of conduct by St. Vincent's Medical Center and plaintiff has not filed a brief arguing that a continuing course of conduct applies to her claim. Accordingly, the Court must determine whether plaintiff may state a possible CUTPA claim.

CUTPA

Defendant argues that plaintiff has failed to assert allegations concerning the entrepreneurial or commercial aspects of the medical profession.  Defendant characterizes plaintiff's CUTPA allegations as asserting medical negligence.

The Connecticut Supreme Court has determined that CUTPA does not apply to claims of medical negligence or malpractice, although the entrepreneurial or commercial aspects of the medical profession are subject to CUTPA.  Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 34 (1997).  Entrepreneurial within the CUTPA context has been defined as the "aspects of practice, such as the solicitation of business and billing practices, as opposed to claims directed at the competence of and strategy employed by the defendant."  Stuart v. Freiberg, 142 Conn. App. 684, 708 (2013), reversed on other grounds, 2015 WL 2189245 (May 19, 2015).  The Court must consider whether the alleged improper conduct implicates a breach of the professional standard of care.  Bridgeport Hospital v. Cone, 2000 WL 1705739, *4 (Conn. Super. Ct. 2000).

In this instance, plaintiff's CUTPA claim alleges that St. Vincent's resold the R3 metal liners when it knew or should have known of their defective condition; failed to

inspect the liners to determine their suitability; failed to take steps to remove the liners

from its approved hip replacement products; failed to warn surgeon of the liner's defect;

continued to profit from the sale of the metal liners when they knew they were

potentially harmful and that safer alternatives existed.  These allegations implicate the

standard of care for provision of medical services and treatment provided by defendant

St. Vincent's Medical Center rather than the entrepreneurial or commercial aspects akin

to billing or business solicitation.  See Marsala v. Yale-New Haven Hosp., Inc., 2013

WL 6171307, *10 (Conn. Super. Ct. 2013).   Accordingly, plaintiff cannot sustain a

CUTPA claim against St. Vincent's Medical Center.

In light of the Court's findings that plaintiff cannot assert possible claims against

the non-diverse defendant St. Vincent's Medical Center, diversity jurisdiction exists.

The Court will deny the motion to remand.

## CONCLUSION

For the foregoing reasons, the motion for remand [Doc. #19] is DENIED.

Dated this _27th__ day of May, 2015, at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

6